IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MARK QUINCY WILLIAMS,                    :
                                         :
           Plaintiff,                    :
                                         :
vs.                                      :   CIVIL ACTION NO. 12-00029-KD-B
                                         :
ROBERT BENTLEY, *et al.*,                :
                                         :
           Defendant.                    :

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se, filed the instant case alleging violations under 42 U.S.C. § 1983 (Doc. 1). This action has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action, and is now before the Court due to Plaintiff's failure to prosecute and obey the Court's order.

Upon review of Plaintiff's Complaint, the Court determined that Plaintiff's Complaint was not on the form required for prisoner actions alleging violations of § 1983, and was not accompanied by the $350.0 statutory filing fee or a Motion to Proceed without Prepayment of Fees. Accordingly, in an Order dated January 30, 2012 (Doc. 2), Plaintiff was directed to refile his Complaint on the form required by this Court, and to either pay the $350.00 statutory filing fee, or file a motion to proceed without prepayment of fees on the form required by this Court. Plaintiff was **cautioned** that failure

to comply with the Court's Order by February 23, 2012, or to immediately advise the Court of a change in his address would result in dismissal of his action for failure to prosecute and to obey the Court's Order.

The Order, along with the referenced forms, were mailed to Plaintiff at the address provided in his handwritten complaint, namely Baldwin County Jail, 200 Hand Avenue, Bay Minette, Alabama 36507. Plaintiff's copy of the Order and the forms were returned to the Court with the notations "NOT HERE" and "Return to Sender." (Doc. 3). A search of the Alabama Department of Corrections website reflects that Plaintiff is presently incarcerated at Ventress Correctional Facility, P.O. Box 767, Clayton, Alabama  36016-0767.

Accordingly, in an Order dated April 5, 2012 (Doc. 4), the Clerk was DIRECTED to send to Plaintiff, at the new address, a copy of the most recent Order (Doc. 4), the Order dated January 30, 2012 (Doc. 2), and the  required forms. The deadline for Plaintiff to refile his Complaint on the form required by the Court and to either pay the $350.00 statutory filing fee, or file a motion to proceed without prepayment of fees was extended to May 4, 2012. (Doc. 4). Plaintiff was again cautioned that failure to comply with the Court's Order by May 4, 2012 would result in dismissal of his action for failure to prosecute and to obey the Court's Order. (Id.).

To date, Plaintiff has not responded in any manner to the Court's

April 5, 2012 Order (Doc. 4), nor has his copy of the Order and forms been returned to the Court. Due to Plaintiff's repeated failure to comply with the Court's Orders and to prosecute this action, and upon consideration of the alternatives, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983).  Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir.) (finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

The attached sheet contains important information regarding objections to this Report and Recommendation.

DONE this **23rd** day of **May, 2012.**

                                      **/s/ SONJA F. BIVINS**
                         **UNITED STATES MAGISTRATE JUDGE**

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.   **Objection**.   Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.   Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).   The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[1] after being served with a copy of the recommendation, unless a different time is established by order.   The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.   The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.   It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

---

[1]   Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"   Fed.R.Civ.P. 72(b)(2).

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this **23rd** day of **May, 2012.**

**_/s/ SONJA F. BIVINS_**
**UNITED STATES MAGISTRATE JUDGE**

6